IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHRISTOPHER LENARD PUGH,    )
    )
    Plaintiff,    )
    )
v.    )    CIVIL ACTON NO. 09-0507-WS-N
    )
WARDEN KENNETH JONES, *et al*.,    )
    )
    Respondents.    )

REPORT AND RECOMMENDATION

Plaintiff has filed a letter, which the court deems to be a Motion for Leave to Appeal In Forma Pauperis (doc. 39), from the dismissal without prejudice of his petition pursuant to 28 U.S.C. § 2254. The court dismissed (doc. 26) his petitioner because he had failed to exhaust his state remedies; the court held that a Certificate of Appealability was unavailable.

An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); *see* Fed. R.App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir.2000) (concluding that "good faith" is "an objective concept" and that "not taken in good faith" is "a synonym for frivolous"); DeSantis v. United Techs. Corp., 15 F.Supp.2d 1285, 1288-89 (M.D.Fla.1998) (stating that good faith "must be judged by an objective, not a subjective, standard" and that an appellant "demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if "it appears that the Plaintiff has little to no chance of success," meaning that the "factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir.1993).

As stated in the Report and Recommendation (doc. 24) adopted by the court, "[t]he face of Pugh's complaint clearly establishes that the claims presented in his habeas petition have not been fully exhausted in the state courts."  His appeal is not taken in good faith, and he is therefore not entitled to appeal this decision in forma pauperis.

Accordingly, it is RECOMMENDED that petitioner's Motion to Appeal In Forma Pauperis be DENIED.

The attached sheet contains important information regarding this report and recommendation.

DONE this the 22nd day of June, 2010.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within [fourteen] days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir.1988). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within [fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. Opposing party's response to the objection. Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed.R.Civ.P. 72; SD ALA LR 72.4(b).

3. Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE