# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER LENARD PUGH, | ) |
| Petitioner, | ) ) ) |
| v. | ) CIVIL ACTION 09-0507-WS-N |
| WARDEN KENNETH JONES, *et al.*, | ) ) ) |
| Respondents. | ) |

## ORDER

This matter comes before the Court on petitioner's two sets of Objections (docs. 41 & 42) to the Report and Recommendation (doc. 40) recommending denial of his request to appeal *in forma pauperis*.[1]

On May 27, 2010, petitioner, Christopher Lenard Pugh, filed a Notice of Appeal (doc. 36) stating that he was appealing to the U.S. Court of Appeals for the Eleventh Circuit "from a final judgment entered on April 1st, 2010, dismissing petitioner's habeas petition action without prejudice." Pugh then filed a document that has been properly construed as a Motion for Leave to Appeal *In Forma Pauperis* (doc. 39). In a Report and Recommendation dated June 22, 2010, Magistrate Judge Nelson recommended that the IFP request be denied, reasoning that Pugh's appeal from the April 1 judgment is not taken in good faith because it is clear from the face of his § 2254 petition that his claims have not been fully exhausted in the state courts.

Pugh now objects to that Report and Recommendation, by insisting that the Magistrate Judge was looking at the wrong ruling. According to both of Pugh's statements of Objection, he

---

[1] As an initial matter, Pugh's filing of multiple overlapping sets of objections to the Report and Recommendation over a period of days is inefficient and needlessly confusing. Moreover, the signature blocks and certificates of service on those filings all state that Pugh executed them on "6-1-10." These representations are demonstrably false, however, because the Report and Recommendation to which Pugh objects was not entered until June 22, 2010. Such obvious inaccuracies add further confusion to petitioner's submissions.

is actually appealing "his motion to alter or amend judgment … and this court fails to address that issue, but instead addresses the denial of petitioner's habeas petition." (Doc. 41, at 1; doc. 42, at 1.) This contention fails for at least two reasons. First, contrary to his present argument, it does not appear that Pugh is appealing from the Order (doc. 33) dated April 27, 2010, denying his motion to alter or amend judgment filed on April 21, 2010. His Notice of Appeal says nothing about the April 27 Order, and does not identify Pugh's intent to appeal anything other than the April 1 judgment. As a general proposition, the scope of an appeal is confined to those orders or judgments specified in the notice of appeal. *See* Rule 3(c)(1)(B), Fed.R.App.P. ("The notice of appeal must … designate the judgment, order, or part thereof being appealed."); *Osterneck v. E.T. Barwick Industries, Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987) ("The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal."); *McDougald v. Jenson*, 786 F.2d 1465, 1474 (11th Cir. 1986) ("Ordinarily, failure to abide this requirement will preclude the appellate court from reviewing any judgment or order not so specified."). As such, the Report and Recommendation is not in error for failing to assess whether Pugh might have a good-faith basis for a hypothetical appeal from an order that the Notice of Appeal fails to identify as one from which appeal is being taken.

Second, even if Pugh were appealing the April 27 Order denying his motion to alter or amend judgment, he would not be entitled to do so *in forma pauperis*. As the April 27 Order pointed out, Pugh's motion to alter or amend failed to make any showing that dismissal of his § 2254 petition without prejudice for failure to exhaust state remedies constitutes clear error or manifest injustice, or otherwise falls within the narrow parameters for which Rule 59(e) relief is authorized. *See generally United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) ("The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact.") (citation omitted). In his two-page motion to alter or amend judgment and his 19-page accompanying memorandum of law, Pugh never articulated a theory of post-dismissal new evidence or manifest error, nor did he address the exhaustion ruling at all. Thus, Pugh's April 21 motion to alter or amend failed to present even a colorable ground why modification of the judgment would be appropriate under Rule 59(e) standards.

Although Pugh's second objection on the IFP issue, which was received by the Clerk's Office on July 22, 2010 (nearly three months after the denial of his Rule 59(e) motion), offers a

detailed discussion of the exhaustion issue, this July 22 filing marks the first time he has apprised this Court that his motion to alter or amend judgment (which was denied on April 27, 2010) was predicated on a theory that the exhaustion ruling was erroneous. Pugh never presented those theories to this Court as grounds for alteration or amendment of the judgment prior to entry of the April 27 Order, and in fact never mentioned exhaustion at all in his motion to alter or amend. In other words, Pugh is attempting on appeal to recast his motion to alter or amend judgment into a series of new theories that were not presented in the context of his original motion. This is improper.[2] Accordingly, even if the April 27 Order lies within the ambit of Pugh's Notice of Appeal, his request to proceed on appeal without prepayment of fees is properly denied because he is attempting to raise issues in connection with that appeal that he never presented to this Court as grounds for his motion to alter or amend judgment.[3] Thus, his appeal from the April 27 Order is frivolous and is not taken in good faith.

---

[2] *See, e.g., Thomas v. Crosby*, 371 F.3d 782, 800 (11th Cir. 2004) (an appellant's "failure to press the argument before the district court foreclosed its right to present it on appeal") (citation omitted); *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) (noting that Eleventh Circuit has "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered"); *McGinnis v. Ingram Equipment Co.*, 918 F.2d 1491, 1495 (11th Cir. 1990) ("A general principle of appellate review is that an appellate court will not consider issues not presented to the trial court. Judicial economy is served and prejudice avoided by binding the parties to the theories argued below.") (quotation marks and citation omitted).

[3] In the view of the undersigned, Pugh's new theories for alteration or amendment of the judgment are plainly meritless, in any event. The contention that respondent has waived the exhaustion requirement is unsupported by the facts and circumstances of this case. Respondents' Answer (doc. 20) unquestionably invokes the exhaustion defense, and certainly there has been no express waiver by respondent, as is necessary to waive the exhaustion requirement. *See Kelley v. Secretary for Dep't of Corrections*, 377 F.3d 1317, 1351 n.33 (11th Cir. 2004) ("Where AEDPA applies, states will not be deemed to have waived the exhaustion requirement unless they indicate their intention to waive the requirement expressly."). Pugh's reliance on pre-AEDPA authorities to assert that a waiver may be implied from statements of uncertainty is misguided in light of the clear provisions in 28 U.S.C. § 2254(b)(3) that a waiver of the exhaustion requirement can be found only if the state expressly waives it. Also, the mere fact that Pugh's Rule 32 petition had been pending for more than a year at the time that his § 2254 motion was dismissed without prejudice does not, without more, excuse him from compliance with the exhaustion requirement. *See Slater v. Chatman*, 2005 WL 2224843, *1 (11th Cir. Sept. 14, 2005) (state-court direct appeal had been pending for 16 months, including 14-month period for appointment of appellate counsel, yet Eleventh Circuit did not find "an absence of available State corrective process" or "circumstances … that render such process
(Continued)

For all of the foregoing reasons, the Magistrate Judge's Report and Recommendation (doc. 40) is **adopted** as the opinion of this Court, and Pugh's Objections (doc. 41) are **overruled**. Petitioner's Motion for Leave to Appeal *In Forma Pauperis* (doc. 39) is **denied**.

DONE and ORDERED this 2nd day of August, 2010.

    s/ WILLIAM H. STEELE
    CHIEF UNITED STATES DISTRICT JUDGE

---

ineffective to protect the rights of the applicant") (citation omitted); *Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) (exception to exhaustion requirement exists "if the state court has unreasonably or without explanation failed to address petitions for relief"). There is no information presented in this action suggesting that the state court is at this time unreasonably or without explanation failing to address Pugh's pending Rule 32 petition; therefore, this exception is inapplicable. And to the extent that Pugh would predicate his motion to alter or amend judgment on a theory of actual innocence, it is certainly true that a habeas petitioner "can evade the exhaustion requirement … by establishing a fundamental miscarriage of justice." *McNair v. Campbell*, 416 F.3d 1291, 1304 n.9 (11th Cir. 2005). However, the innuendos, second-guessing, speculation, and nitpicking at police reports on which Pugh relies as purported evidence of "actual innocence" of the crimes to which he pled guilty fall well short of the showing necessary to trigger the "fundamental miscarriage of justice" exception to the exhaustion requirement. *See Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) ("The petitioner must support the actual innocence claim with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial."). For all of these reasons, the Court finds that even if Pugh's two sets of objections to the Report and Recommendation are considered on the merits, he would still not be entitled to proceed on appeal *in forma pauperis*.